■ DAVID Z. ROSENSWEIG, Respondent, v PAUL BRENER, Appellant, and ROBERT EDELSTEIN et al., Respondents.—[Appeal No. 5664N.] Order, Supreme Court, New York County, entered May 6, 1977 authorizing petitioner trustee to deposit share certificates, checks and proceeds in the office of the clerk of the court, discharging petitioner from further responsibility, and denying the cross motion of appellant Paul Brener as administrator for an order directing the parties to proceed to arbitration, is unanimously reversed, on the law, and the cross motion of appellant Brener to compel arbitration is granted, and the parties are directed to proceed to arbitration of the claims which are the subject matter of this proceeding, with costs to appellant Paul Brener as administrator. [Appeal No. 5665N.] Appeal from order, Supreme Court, New York County, entered April 26, 1978, denying the application of appellant Paul Brener to be relieved from the effects of the order entered May 6, 1977 on decision dated March 29, 1977, is dismissed, without costs, as academic in view of the determination in Appeal No. 5664N. The agreements among the parties each contain a broad arbitra-

tion clause providing for arbitration of "Any and all disputes arising in or out of this Agreement." There is obviously a dispute as to the interpretation and applicability, in the circumstances which have arisen, of the provisions of the agreements for the acquisition of the stock of a shareholder who is disabled or dies. In determining any matters arising under the arbitration article of the CPLR, "the court shall not consider whether the claim with respect to which arbitration is sought is tenable, or otherwise pass upon the merits of the dispute." (CPLR 7501.) It follows that the disputes must be submitted to arbitration. Although petitioner trustee says there is no dispute as to his request to be permitted to resign and to be discharged, this is not conceded by the other parties either in their pleadings or in oral arguments. The agreements do contain a provision that if the trustee becomes disqualified or refuses to serve and the parties do not agree on a successor, a successor may be appointed "in the usual manner by a court of equity." Whatever slight ambiguity this clause may introduce as to whether petitioner's discharge shall be passed upon by arbitration or by a court must be resolved against petitioner who is an attorney, who drew these agreements and is a party to them. Concur—Fein, J. P., Sandler, Bloom, Lane and Silverman, JJ.